# STATE OF MICHIGAN

# COURT OF APPEALS

STONECREST BUILDING COMPANY,

and

RICHARD J. SABLE,

        Plaintiffs-Appellees,

v

CHICAGO TITLE INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
July 21, 2015

No. 319841
Macomb Circuit Court
LC No. 2008-001055-CH

CHICAGO TITLE INSURANCE COMPANY,

        Plaintiff-Appellant,

v

STONECREST BUILDING COMPANY,

and

RICHARD J. SABLE,

        Defendants-Appellees.

No. 319842
Macomb Circuit Court
LC No. 2008-002153-CH

ON RECONSIDERATION

Before: RONAYNE KRAUSE, P.J., and K. F. KELLY and SHAPIRO, JJ.

K. F. KELLY, J. (*concurring in part and dissenting in part*)

      I agree with the bulk of the majority opinion, but write separately to express my view that, while there is an ambiguity regarding whether Sable personally guaranteed sums that were *already due* when the documents was signed, there is no similar ambiguity regarding whether he guaranteed payment for the ongoing accumulations of contractual interest accruing on the pre-

July 30, 2007 debt. Those interest payments, while based on principal payments due prior to July 30, 2007, continued to accrue after that date. Under the plain language of the Guaranty, all payments coming due after July 30, 2007 are within the Guaranty and there is no exception provided for interest. Accordingly, I would conclude that when determining the amount of damages payable by Sable for "sums payable by Stonecrest" after July 30, 2007, the trial court on remand should calculate and include the amount of interest incurred after that date for principal debts incurred prior to that date. Thus, I remain convinced our original opinion, issued April 7, 2015, now vacated, is correct.

/s/ Kirsten Frank Kelly